## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

Larry Randle Powell

November 7, 1989

Case No. (Criminal) 6410

By JUDGE JAMES H. CHAMBLIN

This case is before the Court on the defendant's motion to suppress evidence seized or obtained by search warrants executed on March 23, 1989. One search warrant concerned the defendant's residence, and the other concerned the defendant's person.

For the reasons hereinafter set forth, the motion to suppress is denied as to all but one issue, and on that issue the Court will exercise discretion and permit the Commonwealth, and the defendant if he so chooses, to put on additional evidence.

Each "Affidavit for Search Warrant," being on Form DC-338, states in paragraph 4 and 6 "See Attached Affidavit." Attached to the "Affidavit for Search Warrant" is a three-page document styled "Attachment A -- Affidavit for Search Warrant--Statement of Probable Cause." This document is signed on the third page by Deputy Charles Hardison of the Loudoun County Sheriff's Department. His signature is not shown on the third page to have been subscribed and sworn to before a notary public; therefore, the defendant argues that there is no affidavit as required by the Constitution and § 19.2-54. I do not agree. It is clear to me that the three-page document is incorporated

by reference into the "Affidavit for Search Warrant" which was subscribed and sworn to (on the reverse side of Form DC-338) by Deputy Hardison before the Magistrate.

Even if the three-page document ("Attachment A") is considered a part of the affidavit for the search warrant, the defendant asserts that "Attachment A" does not set forth sufficient circumstances to warrant a finding by the magistrate that the search warrants should be issued. Since the decision in *Illinois v. Gates*, 462 U.S. 213, 103 S. Ct. 2317 (1983), the task of the magistrate is to make a practical common-sense decision whether, given all the circumstances set forth in the affidavit, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of crime will be found at a particular place. Also, *Gates* provides that the duty of the reviewing court is simply to ensure that the magistrate had a "substantial basis" for determining probable cause existed. Virginia follows this approach. *See McCary v. Commonwealth*, 228 Va. 219 (1984). I feel that the magistrate had a substantial basis for concluding probable cause existed from reading "Attachment A."

The totality of the circumstances set forth in the affidavit is sufficient to show the needed "veracity" and "basis of knowledge" of the confidential informants. I see no need to go through each circumstance and apply the two requirements. Even if the affidavit were found not to have shown probable cause, I am of the opinion that the searches would be permissible under *United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3405 (1984) because I feel that the officers reasonably relied on the search warrants in executing them.

All of the foregoing is subject to a final determination by the Court on one issue--did the magistrate abandon his neutral role and issue the search warrant without fully reading the affidavit? This issue is raised because of the following:

1. The affidavit for the search warrant of the defendant's residence was subscribed and sworn to by Deputy Hardison before the magistrate on March 23, 1989, at 12:49 p.m., and the search warrant was issued one minute later at 12:50 p.m.

2. The affidavit for the search warrant of the defendant's person was subscribed and sworn to by Deputy Hardison before the magistrate on March 23, 1989, at 12:55 p.m., and the search warrant was issued one minute later at 12:56 p.m.

3. At the hearing on October 24, 1989, Deputy Hardison testified that all the papers were prepared before he went to the magistrate on March 23, 1989, and that the magistrate took ten to fifteen minutes to review the papers before the search warrants were issued. However, there was no evidence of when Deputy Hardison subscribed and swore to the affidavits in relation to the time that the magistrate took to review the papers. Before the Court can rule fully on the motion to suppress, the Commonwealth will be given an opportunity to present evidence on this issue. Of course, the defendant may present evidence also if he is so advised.